Order reversed, with costs, and motion denied, with ten dollars costs.

---

EDWARD QUARCH et al., Appellants, *v.* JOSEPH METZ, Defendant.

(City Court of New York — General Term, February, 1896.)

REPLEVIN — UNDERTAKING FOR RETURN OF GOODS — WITHDRAWAL OF SURETY.

> After an undertaking for the return of property taken in replevin proceedings to the defendant has been approved after examination of the sureties, one of such sureties cannot be permitted to withdraw except upon notice to his co-surety and the defendant and with the consent of the plaintiff.

APPEAL by plaintiffs from order permitting one of two sureties to withdraw from defendant's undertaking.

*Myers & Bronner,* for appellants.

*Grossman & Vorhaus,* for petitioning surety.

VAN WYCK, Ch. J. The plaintiffs replevied chattels, and under the writ in replevin the sheriff took the same from defendant, who reclaimed the property and gave an undertaking executed by one Pius and one Reitman as sureties. After the justification, on examination, of these sureties, the undertaking was duly approved, and the sheriff returned the property replevied to defendant. About a month thereafter the surety Reitman moved at Special Term in this action for leave to withdraw as a surety on the undertaking, and this motion was granted against plaintiffs' objection by the order from which they now appeal. This order provided for Reitman's withdrawal and directed the defendant, within three

days after entry of order, to deliver the property replevied to the plaintiffs, and that defendant might thereafter reclaim and repossess himself of the same upon giving a new undertaking to plaintiffs to be approved by a justice of this court, and further directed that upon such approval Reitman be released from all liability except for such damages as plaintiffs had sustained before such approval of the new undertaking.

The surety Reitman's notice of motion was directed to the attorneys for plaintiffs and to the attorney for defendant. The plaintiffs appeared and opposed the motion, but the defendant did not appear, and no proof of service upon him is made. The notice was not directed to, or served upon, Reitman's co-surety, Pius, and she did not appear. Both the defendant and this co-surety should have been brought into court before either of them could be bound by the order. As soon as this reclaiming defendant's undertaking had been approved after examination of the sureties, it became a fixed contract between the sureties and the plaintiffs, which could not be changed or disturbed by the court, or otherwise, except upon the consent of the plaintiffs, for whose protection it was given. The order appealed from is reversed, with costs, and the motion is denied, with ten dollars costs.

McCARTHY and SCHUCHMAN, JJ., concur.

Order reversed, with costs, and motion denied, with ten dollars costs.